Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7097 | **DATE** | 5/5/2000 |
| **CASE TITLE** | Jerry Woodard vs. Alicia Eubanks etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants have moved to dismiss. That motion is granted. Accordingly, the remaining claims based upon malicious prosecution are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAY 0 8 2000 date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | SB docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| WAH | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY WOODARD, )
)
Plaintiff, )
)
vs. ) No. 99 C 7097
)
ALICIA EUBANKS, an individual, )
CHICAGO POLICE DEPARTMENT, et al., )
)
Defendants. )

DOCKETED
MAY 08 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff was arrested by the defendant officers upon the complaint of defendant Eubanks on August 10, 1997. The misdemeanor charge was stricken with leave to reinstate (SOL'd) on September 30, 1997, when neither of the officers nor Eubanks (who apparently had been given erroneous scheduling information) appeared in court. The case was later reinstated, apparently at the insistence of Eubanks, but neither the officers nor Eubanks appeared in court on October 31, 1997. The court then SOL'd the case again, on motion of the state, with the proviso that the case would not be reinstated.

On October 29, 1999, just under two years after the criminal case was last stricken, plaintiff filed this action. He, by his amended complaint, alleges a §1983 claim of false arrest and malicious prosecution arising from a conspiracy involving all defendants; a state law malicious prosecution claim against the individual defendants; and an indemnity claim against the City of Chicago which, in the amended complaint, appears to include a custom or practice claim. The defendants have moved to dismiss. That motion is granted.

If we use October 31, 1997, as the date when plaintiff was exonerated, that is still far

more than a year before suit was filed. The state law malicious prosecution claim against the City of Chicago and the police officers had to be filed within a year after the claim arose, pursuant to the Illinois Local Governmental and Government Employees Tort Immunity Act, 745 ILCS 10/8-101. Accordingly, the state law claims against the City of Chicago and the two officers are dismissed. We also note, in passing, that the Chicago Police Department is not a proper party (and we therefore dismiss it), that punitive damages cannot be assessed against the municipality on a §1983 claim, and that a boilerplate allegation of a "custom, policy, and/or practice" is insufficient to invoke a <u>Monell</u> claim when the pleadings otherwise relate to a single instance.

That still leaves a malicious prosecution claim against Eubanks and a §1983 claim against the individuals with both a false arrest and a malicious prosecution component. The §1983 claim has a two-year limitations period, and the initial arrest was more than two years before filing. Plaintiff advances some creative reasons why the time should be tolled until October 31, 1997, or even until the limitations period ran on the misdemeanor charge, but we think it beyond argument that the claim arose on August 10, 1997. *See* <u>Gonzalez v. Entress</u>, 133 F.3d 551 (7th Cir. 1998). The §1983 claim for false arrest is dismissed against all defendants.

The malicious prosecution claim, whether as an independent state law claim against Eubanks or as a component of the §1983 claim against the individual defendants, is another matter. A §1983 claim for malicious prosecution must satisfy the requirements of a state law cause of action for malicious prosecution (and involve state actors. We assume for now that the conspiracy allegations relating to the officers and Eubanks is sufficient for that purpose).

The proceedings must terminate in favor of the plaintiff in a manner indicative of the plaintiff's innocence. Plaintiff contends that he was exonerated on October 27, 1997, when the court SOL'd the charge upon motion of the state with a direction that it not be reinstated. Defendants disagree.

Whether or not disposition by SOL is a favorable termination indicative of innocence for the purposes of a malicious prosecution claim is a question of Illinois law. And, we think, Illinois law clearly establishes that disposition by SOL will not support a malicious prosecution claim. See <u>Adenekan v. Chicago Police Officers</u>, 1996 WL 734705 (N.D.Ill.); <u>Ingram v. Jones</u>, 1995 WL 745849 (N.D.Ill.). Accordingly, the remaining claims based upon malicious prosecution are dismissed.

                                                 JAMES B. MORAN
                                        Senior Judge, U. S. District Court

May 5, 2000.